OPINION OF THE COURT
FISHER, Circuit Judge.
Gary Lamar Denson (“Denson”) appeals from his jury conviction for the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Denson argues that the Government failed to present sufficient evidence that he knowingly possessed a firearm. We -will affirm.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
On July 1, 2005, at approximately 3:20 a.m., three narcotics detectives from the City of Pittsburgh Police Department were patrolling the Homewood neighborhood of Pittsburgh in an unmarked police car when one of the officers, Detective Philip Mercurio, saw Denson standing on the sidewalk in front of 615 Collier Street, about 100 to 120 feet away. Detective Mercurio, who was operating the police car, drove the vehicle closer to Denson. At a distance of approximately 75 feet, Detective Mercurio observed Denson lift *674 up his shirt and tuck it behind what appeared to Detective Mercurio to be a black semiautomatic pistol. Denson then ran inside the row house at 615 Collier Street.
Detective Mercurio told the other two detectives what he had seen, and they decided to set up a surveillance of the house. When Denson returned to the sidewalk, Detective Mercurio, who was concealed behind a fence across the street roughly 35 feet from Denson, saw the same firearm sticking out of Denson’s waistband. Aided by a streetlight, Detective Mercurio identified the firearm as a Colt style semi-automatic pistol. Detective Mercurio later testified that he was familiar with the Colt pistol’s appearance due to his experience working with firearms and his personal ownership of a Colt pistol for several years. Detective Mercurio also testified that Denson’s white t-shirt provided a good background for viewing the firearm.
After calling additional officers for backup, Detectives Mercurio and Robert Kavals, another one of the three original detectives, attempted to seize Denson; however, when Detective Kavals identified himself as a police officer, Denson fled inside the house and locked the door. Approximately 10 seconds later, a woman standing on the porch used a key to reopen the door. Upon entering, Detectives Mercurio and Kavals immediately observed Denson walk out of the kitchen and into the living room, where four or five other individuals sat without moving. Detective Kavals patted Denson down and, after receiving permission from the owner of the residence to search the kitchen, found a loaded Colt .45 semi-automatic pistol inside the microwave. Detective Mercurio identified the firearm as the one he had seen on Denson earlier, and Detective Kavals directed another officer to arrest Denson. Thereafter, the detectives determined that Denson did not have a permit for the pistol and that the pistol had been reported stolen. The firearm was not tested for fingerprints.
Denson was subsequently charged with a single count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). After a jury trial in the United States District Court for the Western District of Pennsylvania, a verdict was entered against Denson on January 31, 2007. The District Court sentenced Denson to 110 months of imprisonment, followed by three years of supervised released. Denson filed a timely appeal.
II.
The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. “We review a defendant’s challenge to the sufficiency of evidence in the light most favorable to the government.” United States v. Wise, 515 F.3d 207, 214 (3d Cir.2008). We will affirm a verdict “if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt and if the verdict is supported by substantial evidence.” United States v. Bobb, 471 F.3d 491, 494 (3d Cir.2006).
III.
Denson’s sole argument on appeal is that the Government failed to produce sufficient evidence to support his conviction under 18 U.S.C. § 922(g)(1). To show that Denson was a felon in possession of a firearm in violation of § 922(g)(1), the Government had to establish the following elements beyond a reasonable doubt: (1) that Denson had been convicted of a crime punishable by more than one year of imprisonment; (2) that Denson knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce. *675 United States v. Dodd, 225 F.3d 340, 344 (3d Cir.2000). Denson concedes the first and third elements, and argues only that the Government failed to show that he knowingly possessed a firearm.
Denson contends that the jury could not have reasonably concluded that the Colt .45 semi-automatic pistol found in the microwave was the same object that Detective Mercurio had previously seen on Denson’s waistband. Denson argues that Detective Mercurio’s testimony was unreliable because his two brief observations were made at night and from far distances — approximately 75 feet and 35 feet — and because the object was partially obstructed by Denson’s waistband. In addition, Denson notes that there was no testimony of any distinguishing marks or features that would have aided Detective Mercurio in identifying the firearm and that no fingerprints were collected to confirm that Denson had touched the firearm that Detective Kavals recovered from the microwave.
Denson’s arguments challenge the credibility of Detective Mercurio’s testimony. However, because “[cjredibility determinations are the unique province of a fact finder .... [wjhere the record supports a credibility determination, it is not for an appellate court to set it aside.” United States v. Kole, 164 F.3d 164, 177 (3d Cir.1998). Instead, we review the evidence in the light most favorable to the government. Wise, 515 F.3d at 214.
Here, a reasonable jury could have concluded that the object Detective Mercurio observed on Denson’s waistband was the same Colt .45 semi-automatic pistol that Detective Kavals later found in the microwave. Detective Mercurio testified that he twice observed Denson with a black semiautomatic pistol in his waistband. Aided by a streetlight, the color contrast of Den-son’s white t-shirt, and his familiarity with Colt pistols, Detective Mercurio also testified that he was able to identify the firearm as a Colt pistol. Both Detectives Mercurio and Kavals testified that Denson fled inside the residence at 615 Collier Street when the detectives approached him. Finally, Detective Kavals testified that he uncovered a loaded Colt .45 semiautomatic pistol from inside the kitchen microwave just moments after Denson exited the kitchen, when the other individuals inside the residence sat without moving in the living room. Therefore, taking the evidence in its entirety, the jury could have reasonably concluded that Denson had attempted to evade the detectives by hiding the firearm in the microwave.
IV.
In conclusion, we find that the evidence was sufficient for a rational jury to find beyond a reasonable doubt that Denson knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1). Accordingly, we will affirm Denson’s conviction.